**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10099 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:08-cr-00730-WHA-33 |
| DANILO VELASQUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 4, 2018
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Danilo Velasquez appeals his convictions for (1) racketeering

conspiracy, in violation of 18 U.S.C. § 1962(d); (2) conspiracy to commit murder

in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (3) conspiracy to

commit assault with a deadly weapon in aid of racketeering, in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1959(a)(6); and (4) use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. We affirm.

1. The district court did not abuse its discretion by excluding the "cultural defense" testimony offered by the "cultural" and the "diminished capacity" experts. See United States v. Christian, 749 F.3d 806, 810 (9th Cir. 2014) (reviewing the exclusion of expert testimony for abuse of discretion). The court permissibly balanced the probative value of the proposed testimony against its potential for unfair prejudice and permissibly excluded it under Federal Rule of Evidence 403. United States v. Anderson, 741 F.3d 938, 950 (9th Cir. 2013).

2. Nor did the district court abuse its discretion by limiting the "diminished capacity" expert's testimony. First, the district court permissibly precluded the expert from "simply transmit[ting] hearsay to the jury." The district court permissibly balanced the probative value of the information against its potential for unfair prejudice and permissibly excluded it under Rule 703. See Fed. R. Evid. 703 (stating that otherwise inadmissible information can be disclosed to the jury "only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect").

Second, the district court also permissibly precluded the expert from testifying that Defendant "did not have the requisite mental state to knowingly and

intentionally join or participate in the charged conspiracies and/or criminal enterprise" under Federal Rule of Evidence 704(b). The district court properly drew the line between testimony regarding mental illness and conclusions about mens rea. See United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997) (en banc) (holding that Rule 704(b) prohibits an expert witness in a criminal case from "stat[ing] an opinion or draw[ing] an inference which would necessarily compel the conclusion" that defendant lacked the requisite mental state).

These exclusions did not violate Defendant's Sixth Amendment right to present a diminished capacity defense. See United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir. 1991) (holding that the defendant "cannot transform the exclusion of this evidence into constitutional error by arguing that he was deprived of his right to present a defense. The right to present a defense is clearly fundamental, but '. . . the accused . . . must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'" (quoting Chambers v. Mississippi, 410 U.S. 284, 302 (1973))).

3. The district court did not plainly err by admitting the co-conspirator's statement. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990) (reviewing an unpreserved evidentiary issue for plain error). The statement was

3

properly admitted as nonhearsay pursuant to Rule 801(d)(2)(E) because it directly furthered the conspiracy by ensuring that Defendant received credit for his "work." See United States v. Tamman, 782 F.3d 543, 553 (9th Cir. 2015) ("Statements made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance of' requirement."). Additionally, because "statements in furtherance of a conspiracy" are "not testimonial," the co-conspirator's statement does not implicate the Confrontation Clause. Crawford v. Washington, 541 U.S. 36, 56, 68–69 (2004)

4. The sentencing court did not abuse its discretion or violate Defendant's Fifth Amendment rights by sentencing Defendant to life in prison. See Gall v. United States, 552 U.S. 38, 49 (2007) (reviewing all sentencing decisions for abuse of discretion). The sentence was procedurally correct: the district court properly considered the 18 U.S.C. § 3553(a) factors and determined that Defendant deserved life in prison. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The sentence was substantively reasonable: the district court considered all the factors and testimony and reasonably concluded that a variance was not warranted. United States v. Ressam, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc).

Additionally, Defendant was not penalized for exercising his Fifth Amendment right to trial and appeal.  Defendant was not similarly situated to a co-defendant who pleaded guilty and received a shorter sentence, because other factors underlay the court's sentencing decision.  United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009).

**AFFIRMED.**